UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA CARR,<br><br>                      Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC.; DOES 1 through 10, inclusive,<br><br>                      Defendant. | Case No.: 17cv1377 JM (JLB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Home Depot USA, Inc. ("Home Depot") moves the court for summary judgment or, alternatively, for partial summary judgment. (Doc. No. 26.) Plaintiff Linda Carr opposes the motion. (Doc. No. 32.) Pursuant to Local Rule 7.1(d)(1), the court finds the matter appropriate for resolution without oral argument. For the reasons set forth below, the court denies summary judgment as to Plaintiff's age discrimination and related claims and grants summary judgment in Home Depot's favor and against Plaintiff on the remaining claims.

## BACKGROUND

On July 7, 2017, Home Depot removed this action from the Superior Court for the State of California, County of San Diego, based upon diversity jurisdiction under 28 U.S.C.

§§ 1332 and 1441. (Doc. No. 1.) Plaintiff brought suit against Home Depot in state court after obtaining a right to sue letter from California's Department of Fair Employment and Housing on August 17, 2016. (Doc. No. 1-2 ("Compl.") ¶ 24.) Plaintiff alleges six causes of action in her complaint: (1) wrongful termination in violation of public policy; (2) retaliation in violation of the Fair Employment and Housing Act ("FEHA"); (3) failure to prevent discrimination and retaliation; (4) age discrimination; (5) gender discrimination; (6) harassment; and (7) violation of California Business and Professions Code sections 17200 et seq. (Compl.)

Plaintiff started working at Home Depot in November 2001. In 2007, she voluntarily left Home Depot of her own accord to pursue other opportunities. (Doc. No. 36-1 ("Carr Decl.") ¶ 2.) On February 15, 2008, Home Depot rehired Plaintiff at Store 680 ("Balboa store") just shy of her fifty-sixth birthday. (Doc. No. 26-4 ("Carr Depo.") at 60:10–22, 101:16–18.) Plaintiff worked at the Balboa store until 2013 without incident as relates to this action. (Id. at 112:7–11.)

In January 2013, Plaintiff transferred from the Balboa store to Home Depot Store 1848 ("El Cajon store") at her own request, where she worked as a Kitchen/Bath Designer. (Id. at 114:22–115:9.) As of April 2015 onward, Plaintiff was documented for various performance and customer service-related shortcomings. (Doc. No. 26-9 ("Gotcher Decl.") ¶ 5, Exh. B (failure to greet several customers), Exh. C (needs to improve her time management and actively seek out potential clients), Exh. G (exceeded some performance goals but "sits flat" on another performance goal), Exh. H (on the internet "looking at unrelated work material" rather than seeking out customers), Exhs. J–K (Plaintiff "has fell [sic] far below her [performance] goals"), Exh. L (missed sales goal by -10% and "[p]erforming in a consistently downward trend"), Exh. M ("performance fell below the standards expected for job performance" on sales goal and "[e]ngaging in a regular pattern of poor performance in areas that are necessary for success"), Exh. N (-12% to her sales goal), Exh. O (discussion with Plaintiff regarding her "apparent negative attitude and declining morale"), Exh. Q (sales improved, but still -9% of goal), Exh. R ("has continued

to decline in her . . . sales performance"), Exh. S (Final Warning—"has continued to miss her individual metrics" and "[e]ngaging in a regular pattern of poor performance in areas that are necessary for success"), Exh. T (marked as "needs improvement" on half of customer service metrics and "Improvement Needed" overall), Exh. U (termination notice).)

In April 2016, Assistant Store Manager Frank Lococo told Plaintiff that Tyler Budde, one of the store managers, was going after older people and Lococo felt bad for Plaintiff. (Carr Depo. at 199:7–25, 200:1–17.)

At a department meeting[1], Plaintiff spoke up against the company's push to sell cabinet refacing because she felt that it was not always in the customer's best interest to reface rather than put in entirely new cabinets. (Doc. No. 37-28 ("Carr Depo. 2") at 62:16–63:11.) In response, Store Manager Gregory Hackett called Plaintiff a "negative Nancy." (Carr Depo. 2 at 62:9–15.) On May 14, 2016, Hackett and Assistant Store Manager David Gotcher met with Plaintiff to discuss her "apparent negative attitude and declining morale." (Gotcher Decl. Exh. O.) At this follow up meeting, Plaintiff shared that she felt she had a "target on her back" and was "just waiting to get fired." (Id.) At the time, Plaintiff was concerned that she was being target for her sales. (Carr Depo. 2 at 69:22–24.)

On July 16, 2016, Gotcher terminated Plaintiff's employment. (Gotcher Decl. ¶ 15, Exh. U.) According to the termination notice, on July 4, 2016, a customer approached Plaintiff regarding a product, but after a brief conversation, Plaintiff "told the customer that she was unable to assist him." (Gotcher Decl. Exh. U.) A few days later, the same customer returned, accompanied by a Home Depot employee who was his daughter.

---

[1] In her deposition, Plaintiff states that the department meeting took place sometime in or after mid-2015, with the follow up meeting with Hackett and Gotcher occurring approximately two weeks later. (Carr Decl. 2 at 65:16–21.) Because the follow up meeting is documented as occurring on May 14, 2016, (Gotcher Decl. Exh. O), the court infers that the department meeting at which Hackett called Plaintiff a "negative Nancy" took place around late-April or early-May 2016.

3

Plaintiff reportedly identified the customer as "the man I couldn't help," and the other employee ended up assisting the customer with his purchase. (Id.) After speaking with Plaintiff, the other employee, and Hackett, and also discussing the matter with Home Depot's Associate Advice and Counsel Group ("AACG"), Gotcher determined that Plaintiff had committed a major work rule violation by intentionally refusing to assist a customer. (Gotcher Decl. ¶ 15.) Plaintiff is female and was sixty-four years old when Home Depot terminated her employment.

Now, Home Depot moves for summary judgment on each of Plaintiff's claims.

## LEGAL STANDARDS

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). But Federal Rule of Civil Procedure 56 contains "no express or implied requirement . . . that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original).

In response to a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. at 324 (internal citations omitted). In other words, the nonmoving party may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). The court must examine the evidence in the light most favorable to the nonmoving party, United States v. Diebold, Inc., 369 U.S. 654, 655 (1962), and any doubt as to the existence of an issue of material fact requires denial of the motion, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

///

# DISCUSSION

## I. Claims Four and Five – Age and Gender Discrimination in Violation of FEHA

FEHA prohibits an employer from terminating an employee based on age or gender. Cal. Gov't Code § 12940(a). To determine whether there are triable issues of fact on FEHA claims, California courts apply the three-stage burden-shifting framework set forth by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Trop v. Sony Pictures Entm't, 129 Cal. App. 4th 1133, 1144 (citing Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 354 (2000)).

At trial, the plaintiff must establish a prima facie case of age and gender discrimination by providing evidence that "(1) [s]he was a member of a protected class, (2) [s]he . . . was performing competently in the position [s]he held, (3) [s]he suffered an adverse employment action . . . and (4) some other circumstance suggests discriminatory motive." Guz, 24 Cal. 4th at 355. If the employee successfully establishes a prima facie case, a presumption of discrimination arises, and the burden shifts to the employer to provide evidence that there was a "legitimate, nondiscriminatory reason" for the adverse employment action. Id. "If the employer produces evidence showing a legitimate reason for the adverse employment action, the presumption falls away and the burden shifts back to the employee to provide 'substantial responsive evidence' that the employer's proffered reasons were untrue or pretextual." Sako v. Wells Fargo Bank, N.A., 2015 WL 5022307, at *8 (S.D. Cal. Aug. 21, 2015) (quoting Loggins v. Kaiser Permanente Int'l, 151 Cal. App. 4th 1102, 1109 (2007)).

The McDonnell Douglas framework is modified when the employer moves for summary judgment. "[T]he employer, as the moving party, has the initial burden to present admissible evidence showing either that one or more elements of plaintiff's prima facie case is lacking or that the adverse employment action was based upon legitimate, nondiscriminatory factors." Serri v. Santa Clara Univ., 226 Cal. App. 4th 830, 861 (2014) (internal quotation omitted). If the employer meets this burden, "it is incumbent upon the employee to produce 'substantial responsive evidence' demonstrating the existence of a

5

material triable controversy as to pretext or discriminatory animus on the part of the employer." Id. at 862.

### A. Legitimate, Nondiscriminatory Reason

Home Depot asserts that it terminated Plaintiff's employment for a legitimate, nondiscriminatory reason because Plaintiff violated Home Depot's policy regarding customer interactions and Plaintiff's performance history supported termination.[2] (Doc. No. 26-1 at 26.[3]) Intentionally refusing to help a customer is listed as a major work rule violation that can result in termination in both Home Depot's Code of Conduct and Standards of Performance. (Doc. No. 26-8 ("Ference Decl.") Exhs. C, D.) On Plaintiff's termination notice, Gotcher reported that Plaintiff failed to assist a customer to order a custom product. When the man returned a few days later with another Home Depot employee, Plaintiff informed her that the man was the customer she had been unable to help the previous day. In the end, the other Home Depot employee, who was the customer's daughter, assisted the customer, not Plaintiff. (Gotcher Decl. Exh. U.) Gotcher spoke with Plaintiff and the Home Depot employee who witnessed the second interaction, and also contacted AACG to discuss the incident. (Gotcher Decl. ¶ 14.) Gotcher ultimately determined that Plaintiff had committed a major work rule violation by intentionally refusing to help a customer, and terminated Plaintiff's employment. (Id. ¶ 15.)

Furthermore, Home Depot contends that its decision to terminate Plaintiff's employment after she failed to assist the customer is supported by Plaintiff's history of

---

[2] Home Depot also attacks Plaintiff's ability to establish a prima facie case of age or gender discrimination because she was not performing competently in her position and cannot show that she suffered discrimination because of her age or gender. (Doc. No. 26-1 at 20–25.) Because Home Depot provides evidence of a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, thereby shifting the burden to Plaintiff to provide substantial responsive evidence of pretext or discriminatory animus, the court declines to address these arguments.

[3] The court refers to the page number in the top right corner as marked in the CM/ECF system.

performance and customer service-related issues and the final warning she received weeks before the incident that resulted in her firing. Starting in April 2015 and continuing until her termination in July 2016, Plaintiff was documented for various performance and customer service-related deficiencies. (Gotcher Decl. ¶5, Exh. B (failure to greet several customers), Exh. C (needs to improve her time management and actively seek out potential clients), Exh. G (exceeded some performance goals but "sits flat" on another performance goal), Exh. H (on the internet "looking at unrelated work material" rather than seeking out customers), Exhs. J–K (Plaintiff "has fell [sic] far below her [performance] goals"), Exh. L (missed sales goal by -10% and "[p]erforming in a consistently downward trend"), Exh. M ("performance fell below the standards expected for job performance" on sales goal and "[e]ngaging in a regular pattern of poor performance in areas that are necessary for success"), Exh. N (-12% to her sales goal), Exh. O (discussion with Plaintiff regarding her "apparent negative attitude and declining morale"), Exh. Q (sales improved, but still -9% of goal), Exh. R ("has continued to decline in her . . . sales performance"), Exh. S (Final Warning—"has continued to miss her individual metrics" and "[e]ngaging in a regular pattern of poor performance in areas that are necessary for success"), Exh. T (marked as "needs improvement" on half of customer service metrics and "Improvement Needed" overall), Exh. U (termination notice).)

Home Depot has made a strong showing that it had a legitimate, nondiscriminatory reason for terminating Plaintiff. Therefore, the burden shifts to Plaintiff to produce "substantial responsive evidence" creating a triable issue of fact as to pretext or discriminatory animus on the part of Home Depot. See Serri, 226 Cal. App. 4th at 862.

**B.     Pretext or Discriminatory Animus**

In opposition, Plaintiff summarily argues that Plaintiff was terminated as a result of age and gender discrimination. Plaintiff asserts that she was "written up for failing to meet sales and credit card quotas and her younger male counterparts were not," (Doc. No. 36 at 16), but does not provide the court with any citation or evidence to substantiate this claim. See Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must

support the assertion by citing to particular parts of materials in the record . . .").

Furthermore, the majority of the facts cited by Plaintiff in her opposition do not address facts concerning age or gender.[4] For example, Plaintiff spends a significant portion of her brief explaining the various reviews and notes in her employment file one by one. (Doc. No. 36 at 18–20.) At no point does she contest the accuracy her sales figures or other performances. Instead, she asserts that Home Depot "purposefully put her in a situation where she could not win." (Id. at 20.) However, "an employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact." Bradley v. Harcourt, Brace & Co., 104 F.3d 267, 270 (9th Cir. 1996). Nor do Plaintiff's explanations provide evidence of pretext or discriminatory animus. See Serri, 226 Cal. App. 4th at 863 (citation omitted) ("The [employee] cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent.").

To sustain her burden to demonstrate pretext or discriminatory animus, Plaintiff "must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them 'unworthy of credence,' and hence infer 'that the

---

[4] As evidence of gender discrimination, Plaintiff provides a declaration by Janet Wheeler, a former Home Depot employee at a store where Plaintiff did not work, about the Women in Leadership classes she gave prior to the end of her employment in 2012. (See Doc. No. 36-3 ("Wheeler Decl.").) Wheeler's declaration includes presentation materials for a class held in December 2012, before Plaintiff started working at the El Cajon store. Importantly, there is no assertion that Plaintiff ever attended a Women in Leadership class while employed at Home Depot, let alone one that used the slides provided in Wheeler's declaration. Home Depot objects to Wheeler's declaration as, inter alia, irrelevant hearsay from a person lacking personal knowledge of the Plaintiff's employment and termination. (Doc. No. 39-4.) Because the court does not rely on Wheeler's declaration in reaching its decision, it declines to rule on Home Depot's objection.

employer did not act for the [the asserted] non-discriminatory reasons.'" Id. (internal citation omitted, emphasis in original). Here, Plaintiff alleges that Home Depot has a process of creating negative performance reviews because each store is required to have at least three to five employees receive an "improvement needed" performance review score regardless of their actual performance, and asserts that Plaintiff was a victim of this process. (Doc. No. 36 at 17; 36-2 ("Martin Decl.") ¶ 7.) This information comes from Amapola Martin's declaration. Martin served as the Kitchen/Bath and Specialty Department Supervisor at the El Cajon store from 2011 to 2013, after which she worked at a different Home Depot store. (Martin Decl. ¶ 14.) Plaintiff transferred to the El Cajon store in January 2013. (Carr Decl. ¶ 3.) Thus, while it is unclear to the court exactly when in 2013 Martin left the El Cajon store, she and Plaintiff could have overlapped at the El Cajon store for a year at most, and Martin did not work at the El Cajon store at the time of the alleged discrimination and Plaintiff's termination.

Plaintiff asserts that Home Depot started documenting her "to get rid of [her]" around the end of January 2016. (Carr Depo. 150:7–11.) According to Plaintiff, she "was not fired for poor performance, she was fired because of her age and gender, but Home Depot had to create a file to justify the termination. This was pretext." (Doc. No. 36 at 20–21.) As evidence, Plaintiff submits Martin's declaration that she saw a trend in terminating older employees in 2014–2016. (Martin Decl. ¶ 25.) However, the trend Martin observed did not take place at the El Cajon store, and thus is insufficient to create a triable issue of fact regarding Plaintiff's claim of pretext for her termination at the El Cajon store in 2016.

Next, Plaintiff offers a job post for a Kitchen/Bath Designer that was posted on July 9, 2016, prior to Plaintiff's termination on July 16, 2016, to demonstrate that it "was predetermined that she was going to be terminated." (Doc. Nos. 36 at 20, 37-25 at 2.) Plaintiff fails to connect the job post with any facts suggesting Home Depot's motive for posting it was discriminatory, let alone demonstrating that the post was to replace Plaintiff specifically. A plaintiff's speculation as to the employer's discriminatory motive does not

9

constitute substantial responsive evidence. Serri, 226 Cal. App. 4th at 862. Consequently, this fact, without more, is insufficient for Plaintiff to survive summary judgment on her age and gender discrimination claims.

Lastly, Plaintiff argues that her April 2016 conversation with Lococo demonstrates Home Depot's discriminatory animus with respect to age. During this conversation, Assistant Store Manager Lococo told Plaintiff that Tyler Budde, one of the store managers, was going after older people and Lococo felt bad for Plaintiff. (Carr Depo. at 199:7–25, 200:1–17.) That Lococo made this statement is apparently uncontested. Neither Lococo nor Budde made the decision to terminate Plaintiff's employment, and there is no evidence they were involved in any part of the decision-making process. Assistant Store Manager Gotcher decided to fire Plaintiff. (Gotcher Decl. ¶ 15.) However, "discriminatory remarks by a non-decisionmaking employee can influence a decision maker," Reid v. Google, Inc., 50 Cal. 4th 512, 542 (2010), and drawing all inferences in Plaintiff's favor, the court finds that a reasonable jury could reasonably infer Lococo's statement constitutes substantial evidence that Home Depot fired Plaintiff in part because of her age.

While Home Depot presents an abundant amount of evidence buttressing Plaintiff's poor performance, Plaintiff's age-related claim barely survives summary judgment in light of Lococo's alleged statement. If, in fact, the decision to terminate Plaintiff's employment was partially motivated by Plaintiff's age, then a reasonable jury could find for Plaintiff. In contrast, Plaintiff has failed to provide "substantial responsive evidence" to satisfy her burden of creating a genuine issue of material fact as to pretext or discriminatory animus with respect to her gender discrimination claim. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1029 n.6 (9th Cir. 2006) ("A plaintiff may not defeat a defendant's motion for summary judgment merely by denying the credibility of the defendant's proffered reason for the challenged employment action. . . Nor may a plaintiff create a genuine issue of material fact by relying solely on the plaintiff's subjective belief that the challenged employment action was unnecessary or unwarranted."). Accordingly, the court grants summary judgment in favor of Home Depot and against Plaintiff on the gender

discrimination claim and denies summary judgment on the age discrimination claim.

## II. Claim Two – Retaliation in Violation of FEHA

Plaintiff second cause of action alleges that Home Depot retaliated against her for complaining about illegal conduct in the workplace, including age and gender discrimination, and for seeking a transfer. (Compl. ¶ 36.)

FEHA makes it unlawful for an employer "to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov't Code § 12940(h) (emphasis added). California courts apply the McDonnell Douglas framework to retaliation claims. Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1243 (9th Cir. 2013). "[T]o establish a prima facie case of retaliation under the FEHA, a plaintiff must show (1) he or she engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042 (2005).

Home Depot argues that Plaintiff cannot establish that she engaged in an activity protected under FEHA, and thus this claim fails. To constitute protected activity, an employee must have opposed an employment practice made unlawful under FEHA. Dinslage v. City & Cty. of San Francisco, 5 Cal. App. 5th 368, 381 (2016). "[A]n employee's conduct may constitute protected activity . . . not only when the employee opposes conduct that ultimately is determined to be unlawfully discriminatory under the FEHA, but also when the employee opposes conduct that the employee reasonably and in good faith believes to be discriminatory, whether or not the challenged conduct is ultimately found to violate the FEHA." Id. In her opposition brief, the only protected activity Plaintiff submits is when she "complained about Home Depot's fraudulent practices in the sales of cabinet refacing." (Doc. No. 36 at 16.) Plaintiff does not explain how this allegedly fraudulent sales practice violates FEHA, nor does she assert any belief that it violates FEHA. "Merely complaining about Home Depot's actions without also

11

complaining that such actions were the result of discrimination is not 'protected activity' within the meaning of FEHA." Haynes v. Home Depot U.S.A., Inc., 15-cv-1038 CAB, at 19 (S.D. Cal. May 5, 2016) (citing Whitten v. Frontier Commc'ns Corp., 2015 WL 269435, at *11 (E.D. Cal. Jan. 21, 2015) ("Merely complaining of unfair treatment is insufficient to constitute a protected activity.")).

Because there is no evidence that Plaintiff engaged in any protected activity, she has not established a prima facie retaliation claim. Consequently, the court grants summary judgment in Home Depot's favor and against Plaintiff on her retaliation claim.

## III. Claim Three – Failure to Prevent Discrimination and Retaliation

Because Plaintiff has not created a triable issue of fact as to gender discrimination or retaliation, her failure to prevent retaliation and gender discrimination claims necessarily fails, but her failure to prevent age discrimination claim survives summary judgment. See Beagle v. Rite Aid Corp., 2009 WL 3112098, at *10 (N.D. Cal. Sept. 23, 2009) ("In the absence of a showing of discrimination or harassment, no claim lies for the failure to prevent discrimination or harassment."). Accordingly, the court denies summary judgment as to Plaintiff's failure to prevent age discrimination claim, but grants summary judgment in Home Depot's favor on Plaintiff's failure to prevent retaliation and gender discrimination claims.

## IV. Claim Six – Harassment

Plaintiff alleges that Home Depot subjected her to a "hostile or abusive work environment" because of harassment based on her age and gender. (Compl. ¶ 71.)

FEHA prohibits harassment of an employee. Cal. Gov't Code § 12940(j)(1). "To establish a claim for harassment, a plaintiff must demonstrate that: (1) she is a member of a protected group; (2) she was subjected to harassment because she belonged to this group; and (3) the alleged harassment was so severe that it created a hostile work environment." Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013). "[A]n employee claiming harassment based upon a hostile work environment must demonstrate that the conduct complained of was <u>severe enough or sufficiently pervasive</u> to alter the conditions

12

of employment and create a work environment that qualifies as hostile or abusive to employees because of their sex [or age]." Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 278–79 (2006) (emphasis in original).

While it is undisputed that Plaintiff is a member of a protected group based on both her age and gender, Home Depot argues that Plaintiff cannot satisfy the other two elements of a harassment claim. Home Depot contends that the sole basis for Plaintiff's harassment claim is that one of her supervisors called her a "negative Nancy" at a meeting, which was not necessarily motivated by Plaintiff's age or gender and is insufficient to create a hostile work environment. (Doc. No. 26-1 at 18.)

In opposition, Plaintiff offers six short sentences with no citation to factual or legal support. First, Plaintiff asserts that her manager harassed her by calling her a "negative Nancy." (Doc. No. 36 at 14.) "A determination of whether conduct qualifies as hostile under this standard includes its frequency, severity, and nature, including whether it is physically threatening or humiliating as opposed to merely verbally offensive. . . Most importantly, Title VII and FEHA do not proscribe a general civility code in the workplace." Cozzi v. Cty. of Marin, 787 F. Supp. 2d 1047, 1070 (N.D. Cal. 2011). Store Manager Hackett called Plaintiff a "negative Nancy" during a meeting. (Carr Depo. at 57:4–12.) This was the only time that Hackett referred to Plaintiff this way. (Id.) Plaintiff points to no evidence that Hackett called Plaintiff a "negative Nancy" because of her age or gender. While unkind, this single comment does not constitute harassment or create a hostile work environment under FEHA standards. See Lyle, 38 Cal. 4th at 283 ("annoying or 'merely offensive' comments in the workplace are not actionable.").

Second, Plaintiff argues that Home Depot's retaliation and age and gender discrimination was harassing. As discussed above, Plaintiff was not subject to retaliation or gender discrimination, and thus cannot support her harassment claim. However, the court's denial of summary judgment on Plaintiff's age discrimination claim allows her harassment claim on the same basis to similarly survive summary judgment.

In sum, the court denies summary judgment as to Plaintiff's harassment claim on the

basis of age discrimination, but grants summary judgment in Home Depot's favor and against Plaintiff on her harassment claim on any other basis.

## V. Claim One – Wrongful Termination in Violation of Public Policy

"California law recognizes a claim for wrongful termination in violation of a public policy reflected in a statute or constitutional provision." Sako, 2015 WL 5022307, at *12. Plaintiff's wrongful termination claim is premised on her FEHA violation claims. (See Doc. No. 36 at 21.) Therefore, the court denies summary judgment as to Plaintiff's wrongful termination claim on the basis of age discrimination, but grants summary judgment in Home Depot's favor and against Plaintiff on her wrongful termination claim on the basis of gender discrimination.

## VI. Claim Seven – Violation of California Business and Professions Code § 17200

In her complaint, Plaintiff alleges that Home Depot violated California Business and Professions Code sections 17200 et seq. by "[d]iscriminating against older, more highly compensated workers," such as Plaintiff, in violation of FEHA. (Compl. ¶ 82.) Because the court has denied summary judgment against Plaintiff on her FEHA age discrimination claim, her unfair competition claim on the basis of that same FEHA violation survives. Therefore, the court denies summary judgment on this claim.

## VII. Punitive Damages

Plaintiff seeks punitive damages on all of her claims. (Compl. ¶¶ 33, 39, 45, 61, 68, 79, 84.) Punitive damages are authorized by California Civil Code section 3294, which requires the plaintiff prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a). To recover punitive damages from a corporate employer such as Home Depot, the plaintiff must demonstrate that "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b).

Home Depot argues that Plaintiff is not entitled to punitive damages because she cannot establish by clear and convincing evidence that any officer, director, or managing

agent of Home Depot was involved in any of the events pertinent to this action. Additionally, Home Depot argues that Plaintiff fails to establish by clear and convincing evidence that the Home Depot El Cajon employees she alleges acted wrongfully are guilty of oppression, fraud, or malice. (Doc. No. 26-1 at 31–32.)

It appears from the moving and opposition papers that Plaintiff does not oppose Home Depot's position on punitive damages as Plaintiff did not address Home Depot's arguments against punitive damages in her opposition brief. "To support punitive damages, the complaint asserting one of those causes of action must allege ultimate facts of the defendant's oppression, fraud, or malice." Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1055 (2009) (quoting Cyrus v. Haveson, 65 Cal. App. 3d 306, 316–317 (1976). Plaintiff has failed to provide the court with any evidence that the Home Depot employees' oppression, fraud, or malice, let along clear and convincing evidence, and wrongful termination, standing alone, will not sustain a finding of malice, fraud, or oppression. Scott v. Phoenix Sch., Inc., 175 Cal. App. 4th 702, 716 (2009). Therefore, the court grants Home Depot's motion for summary judgment with respect to Plaintiff's claims for punitive damages.[5]

## CONCLUSION

For the foregoing reasons, the court denies summary judgment as to Plaintiff's age discrimination and related claims and grants summary judgment in Home Depot's favor and against Plaintiff on all remaining claims, including punitive damages.

IT IS SO ORDERED.

DATED: May 22, 2018

JEFFREY T. MILLER
United States District Judge

---

[5] Should Plaintiff later discover and present evidence of malice, fraud, or oppression, Plaintiff may move to amend the operative complaint to include punitive damages.